UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JARVIS BROWN                                          CIVIL ACTION

VERSUS                                                NUMBER: 14-2947

LEON CANNIZZARRO                                      SECTION "E"(5)

### REPORT AND RECOMMENDATION

Using the standardized form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Jarvis Brown, against Defendant, Orleans Parish District Attorney Leon Cannizzaro.

Plaintiff Brown is a state pre-trial detainee who appears to have drafted his complaint while housed at the Orleans Parish Prison ("OPP") but who was subsequently transferred to the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana. (Rec. docs. 1, pp. 3, 7; 3). As his statement of claim herein, Plaintiff alleges as follows:

> [t]he DA's which is the prosecutor, [t]he Judge who is the boss of the courtroom, and Lawyer who's to to suppose (sic) plead for defendant[']s case righteously. and also N.O.P.D. due to arrest.

(Rec. doc. 1, p. 5).[1]

In his prayer for relief, Plaintiff requests the following:

> Plaintiff wants only acquittal of criminal charges. Plaintiff seeks a formal discovery and his right to a fair and speedy trial. Plaintiff wants cases to be looked at on a Federal level and to not prolong is incarceration anymore.

(Rec. doc. 1, p. 5).

---

[1] Although Plaintiff complains of the action/inaction of others in relation to his state court criminal case only District Attorney Cannizzaro is named as a defendant in Plaintiff's complaint. (Rec. doc. 1, pp. 1, 3).

To the extent that Plaintiff's complaint can be read as alleging that his arrest and/or subsequent imprisonment are unlawful based on the action/inaction of the state prosecutor, judge, court-appointed counsel, and the New Orleans Police Department ("NOPD"), he challenges the fact/duration of his confinement and thus presents a claim sounding in nature of *habeas corpus* which must first be pursued on those grounds, but only after Brown has exhausted available state court remedies.  *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986).  The exhaustion requirement is applicable to pre-trial *habeas* proceedings, *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352 (1987), and is satisfied only where a prisoner's grounds for federal *habeas corpus* relief were previously presented to the state's highest court in a procedurally proper fashion.  *Knox v. Butler*, 884 F.2d 849, 852 n. 7 (5th Cir. 1989), *cert. denied*, 494 U.S. 1088, 110 S.Ct. 1828 (1990); *Dupuy v. Butler*, 827 F.2d 699, 702 (5th Cir. 1988).

Plaintiff indicates on the face of his complaint, in answer to Question No. I(A) of the pre-printed §1983 complaint form, that he has not initiated any other lawsuits, in state or federal court, dealing with the same facts involved herein or otherwise relating to his imprisonment.  (Rec. doc. 1, p. 1).  Accordingly, insofar as the instant matter can be construed as a request for *habeas corpus* relief, it should be dismissed without prejudice for failure to exhaust available state court remedies.  *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

The Court must next determine whether any valid §1983 claims are raised by Plaintiff's complaint.  For the reasons that follow, the Court answers that question in the negative.  As to the sole named Defendant, District Attorney Cannizzaro, any purported

§1983 claim against him in his individual capacity is barred by the absolute prosecutorial immunity that he enjoys and any §1983 claim against him in his official capacity fares no better as Plaintiff does not allege, much less identify, a policy or custom which allegedly caused the deprivation of his constitutional rights.  *Beard v. Wolf*, No. 13-CV-4772, 2014 WL 3687236 at *2-3 (E.D. La. July 22, 2014); *Rinker v. New Orleans District Attorney*, No. 10-CV-0810, 2010 WL 2773236 at *4-5 (E.D. La. June 15, 2010), *adopted*, 2010 WL 2773383 (E.D. La. July 12, 2010)(citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).  Moreover, unless and until Plaintiff is able to have his confinement declared invalid by a tribunal that is authorized to make such a determination, he has no §1983 cause of action.  *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).  Accordingly, it will be recommended that Plaintiff's §1983 claim against District Attorney Cannizzaro be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(ii).  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint, insofar as it can be construed as a request for *habeas corpus* relief, be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

It is further recommended that Plaintiff's §1983 claim be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B)(ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this __8th__ day of _____January_____, 2015.

MICHAEL B. NORTH  
UNITED STATES MAGISTRATE JUDGE